UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PATRICK TOWNZEN                                    CIVIL ACTION NO. 11-1998-LC
    #207654
                                                   SECTION P

VERSUS
                                                   JUDGE MINALDI

ROBERT HENDERSON, ET AL                            MAGISTRATE KAY


REPORT AND RECOMMENDATION


Before the court is Patrick Townzen's *pro se* civil rights (42 U.S.C. § 1983) complaint

filed *in forma pauperis* on November 14, 2011.  Plaintiff is an inmate in the custody of

Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at C. Paul

Phelps Correctional Center (CPP) in Dequincy, Louisiana.  As his defendants herein, plaintiff

names CPP Warden Robert Henderson, CPP Colonel Gene Wilson, and Delanie Burgess from

the CPP legal department.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

*Statement of the Case*

At 8:30 p.m., on February 22, 2011, plaintiff reported to the CPP infirmary as he could

not urinate and was in pain.  He was told that he would have to come back at 5:00 a.m. the next

morning for medical treatment.  On February 23, 2011, at 8:30 a.m., he was catheterized.

Plaintiff states that CPP physician Crawford ordered bed rest for him; however, before plaintiff

returned to his cell, he was informed that he had to report to a disciplinary hearing concerning a

rule violation for which he had previously been issued a disciplinary report.  Plaintiff states that

he was forced to walk one hundred feet to the hearing despite his pain.  Defendants Wilson and Burgess were conducting the hearing.  Plaintiff and his inmate counsel substitute requested a continuance based on the fact that plaintiff just had the catheterization done and that bed rest was ordered by Dr. Crawford.  Plaintiff states that defendant Wilson denied the request without checking with the CPP infirmary or Dr. Crawford.

Plaintiff contends that the above actions of defendants Wilson and Burgess amounted to deliberate indifference to his serious medical needs and interference with the medical treatment prescribed by Dr. Crawford, all in violation of his Eighth Amendment rights.  As relief, plaintiff seeks compensatory damages.

## *Law and Analysis*

### I.      *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

## II.      *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983.  In order to hold the defendants liable under § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case possible under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes for the reasons stated hereinafter that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## III.      *Medical Care Claims*

Plaintiff claims that defendants Wilson and Burgess were deliberately indifferent to his serious medical needs and that they interfered with the medical treatment prescribed by Dr. Crawford.  This allegation is based on the fact that defendants Wilson and Burgess conducted, rather than continued, the aforementioned disciplinary hearing immediately following plaintiff's medical procedure.

To state a cause of action based on medical care, or the lack thereof, a prisoner needs to show deliberate indifference to a serious medical need, which constitutes the unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   A delay in medical care can only amount to an Eighth Amendment violation if there has been a deliberate indifference, resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).   A prisoner who brings such a claim carries a substantial burden of showing that the actions he complains of constitute cruel and unusual punishment; "[d]eliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).   Deliberate indifference is found only when the facts demonstrate wanton action on the part of prison officials that can be characterized as "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06.   Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104.

Plaintiff's allegation that his complaints of pain to non-medical prison staff did not result in a continuance of the disciplinary hearing do not support a claim of deliberate indifference to his serious medical needs.   At best, plaintiff has shown that the defendants were negligent in not continuing the disciplinary hearing; however, a complaint alleging negligence does not state a constitutional claim. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

The first and second step responses [doc. 1, p. 7 & 8] to plaintiff's grievance concerning this matter provide additional information on plaintiff's claims herein.   Specifically, both responses state that plaintiff did not have difficulty walking following the insertion or removal of the catheter.   The catheter was apparently removed at plaintiff's request shortly after its insertion.

Further, plaintiff has not and cannot under the facts as alleged by him, show any significant injury as a result of attending the disciplinary hearing.  A prisoner plaintiff seeking relief under 42 U.S.C. § 1983 must allege more than de minimis physical injury to state a claim for physical or emotional damages-regardless of the nature of the claim.  *See* 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  The plaintiff's only stated "injury" is that he had to attend the disciplinary hearing rather than immediately go to his bed. Such claims are insufficient to establish that a constitutional violation has occurred.  Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison.  *See Shaw v. Murphy*, 523 U.S. 223, 223-24. (2001); *Procunier v. Martinez*, 416 U.S. 396 (1974).

## IV.     *Supervisor Liability*

Plaintiff names CPP Warden Robert Henderson as a defendant herein.  However, he does not allege any actual fault on the part of Henderson.  Under the circumstances, it is clear that he names this defendant in a supervisory capacity.  Such claims are not cognizable as it is well settled that supervisory officials may not be held liable in a § 1983 claim under the doctrine of *respondeat superior*.  *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992).  To be liable under § 1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v.  Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Here, plaintiff fails to set forth a constitutional claim against defendant Henderson. There are no allegations that he was personally implicated in any alleged constitutional deprivation or that he implemented any policy which acts as a constitutional deprivation.  Thus,

all claims against defendant Henderson should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has failed to allege facts sufficient to establish deliberate indifference and his conclusory allegations simply do not meet the above standards.  His claims in this regard should be dismissed.

### *Conclusion*

For the foregoing reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

-7-

THUS DONE this 15th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE